**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ANTHONY BECK,

        Plaintiff,

        v.

C.O. BECKLY, *et al.*,

        Defendants.

No. 4:24-CV-02247

(Chief Judge Brann)

**MEMORANDUM OPINION**

**JUNE 5, 2026**

Plaintiff Anthony Beck, acting *pro se*, filed the instant Section 1983[1]

lawsuit, alleging that prison officials at SCI Benner violated his constitutional

rights.  After obtaining representation, Beck filed a counseled amended complaint.

Presently pending are Defendants' motions to dismiss (in part or in full) the

amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The

Court will grant in part and deny in part Defendants' motions.

## I.    BACKGROUND

Beck is currently incarcerated at Berks County Prison.[2]  The events alleged

in his lawsuit occurred while he was imprisoned at the State Correctional

---

[1]   42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2]   Doc. 28 ¶ 1.

Institution, Benner Township (SCI Benner), located in Bellefonte, Pennsylvania.[3]

Beck initially lodged a document titled "motion for special relief / injunction."[4]

That document appeared to seek a preliminary injunction, but it did not include a

corresponding complaint. Several weeks later, Beck lodged a formal complaint

that more fully set forth his Section 1983 claims.[5] The Court considered the formal

complaint at Section 1915A screening rather than Beck's initial motion for

injunctive relief.[6]

   In his complaint, Beck alleged Section 1983 claims of retaliation, excessive

force, and failure to protect (or failure to intervene) against multiple SCI Benner

officials.[7] The Court screened that pleading as required by 28 U.S.C. § 1915A(a).[8]

The Court determined that Beck has plausibly alleged Eighth Amendment

excessive force claims against six defendants (Beckley, Michaels, Diehl, Gailey,

Frisco, and Fleck) and First Amendment retaliation claims against four defendants

(Beckley, Michaels, Diehl, and Gailey).[9] The other claims and defendants were

dismissed without prejudice.[10]

---

[3]   *See generally* Doc. 28.
[4]   Doc. 1.
[5]   *See generally* Doc. 6.
[6]   *See* Doc. 16 at 2. The motion for injunctive relief was later dismissed as moot. *See* Doc. 17 ¶ 3.
[7]   *See* Doc. 16 at 1, 12.
[8]   *See generally* Docs. 16, 17.
[9]   *See* Doc. 16 at 9-11. In his *pro se* complaint, Beck appears to have misspelled the last names of defendants Beckley and Diehl as "Beckly" and "Diel." *See* Doc. 25 (waiver of service providing correct spellings of Defendants' last names); Doc. 34 at 1.
[10]  *See* Doc. 16 at 12-13; Doc. 17 ¶¶ 1-2.

Beck was granted leave to amend and provided 21 days in which to file an amended complaint, if desired.[11]  He was additionally warned that if he did not timely file an amended complaint, his case would proceed only on the claims that had not been dismissed.[12]

Beck moved for two extensions of time to file an amended complaint,[13] and the Court granted both motions.[14]  Following the second motion for enlargement of time, Beck's amended complaint was due by September 5, 2025.[15]  However, no amended pleading was filed, so on September 9, 2025, the Court dismissed with prejudice Beck's insufficiently pled retaliation and failure-to-protect claims and proceeded only as to his plausibly alleged excessive force claims against Beckley, Michaels, Diehl, Gailey, Frisco, and Fleck and his retaliation claims against Beckley, Michaels, Diehl, and Gailey.[16]

On November 10, 2025, after waiving service, Defendants filed a motion for partial dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).[17]  This Rule 12(b) motion opened the door for Beck—who had since retained counsel—to file

---

[11]  *See* Doc. 17 ¶ 5.
[12]  *Id.* ¶ 6.  Those viable Section 1983 claims were as follows: "(1) Eighth Amendment excessive force against Beckl[e]y, Michaels, Die[h]l, Gailey, Frisco, and Sgt. Fleck; and (2) First Amendment retaliation against Beckl[e]y, Micheals, Die[h]l, and Gailey." *Id.*
[13]  *See* Docs. 18, 20.
[14]  *See* Docs. 19, 21.
[15]  *See* Doc. 21.
[16]  *See* Doc. 22 ¶¶ 1-2, 4.
[17]  Doc. 27.

an amended complaint as a matter of course.[18]  Beck promptly filed a counseled amended complaint,[19] which is the operative pleading in this action.  He asserts the following claims: (1) Eighth Amendment excessive force against Beckley, Michaels, Diehl, Gailey, Frisco, and Fleck (Count I); (2) supervisory liability against a new defendant, Superintendent Bradley Booher (Count II); (3) First Amendment retaliation against Beckley, Michaels, Diehl, Gailey, Frisco, and Fleck (Count III); and (4) Section 1983 conspiracy against all Defendants (Count IV).[20]

Defendants Beckley, Michaels, Diehl, Gailey, Frisco, and Fleck filed a motion[21] for partial dismissal of the amended complaint on December 17, 2025. Defendant Booher filed a separate motion[22] to dismiss all claims against him on March 2, 2026.  Those motions are fully briefed and ripe for disposition.

## II.    STANDARD OF REVIEW

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[23]  The court must accept as true the factual allegations in the complaint and draw all

---

[18]   *See* FED. R. CIV. P. 15(a)(1)(B).
[19]   Doc. 28.
[20]   *See id.* ¶¶ 45-66.
[21]   Doc. 34.
[22]   Doc. 43.
[23]   *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver,* 82 F.3d 63, 66 (3d Cir. 1996).

reasonable inferences from them in the light most favorable to the plaintiff.[24]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[25]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[26]  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[27]  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[28]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[29]  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[30]

---

[24]  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[25]  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[26]  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[27]  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[28]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[29]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[30]  *Iqbal*, 556 U.S. at 681.

## III.    DISCUSSION

Defendants Beckley, Michaels, Diehl, Gailey, Frisco, and Fleck challenge the sufficiency of Beck's civil conspiracy allegations.  They further argue that Beck's claims are improperly joined together in a single lawsuit.  Defendant Booher attacks the sufficiency of both claims asserted against him: supervisory liability and civil conspiracy.  The Court will address Defendants' arguments in turn.

### A.    Section 1983 Conspiracy

To state a claim for Section 1983 conspiracy, a plaintiff must plausibly allege: "'(1) two or more persons conspire to deprive any person of [constitutional rights]; (2) one or more of the conspirators performs . . . any overt act in furtherance of the conspiracy; and (3) that overt act injures the plaintiff in his person or property or deprives the plaintiff of any right or privilege of a citizen of the United States,' with the added gloss under § 1983 that 'the conspirators act under the color of state law.'"[31]  Notably, to state a conspiracy claim, a plaintiff must do more than recite talismanic phrases like "conspire" and "act in concert."[32]

---

[31]  *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 294 n.15 (3d Cir. 2018) (alterations in original) (quoting *Barnes Found. v. Township of Lower Merion*, 242 F.3d 151, 162 (3d Cir. 2001)).

[32]  *See id.* at 295 (explaining that, to state a civil conspiracy claim, a plaintiff must demonstrate that defendants "somehow reached an understanding to deny [the plaintiff] his rights" (alteration in original)); *Young v. Kann*, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991) (citing *Kalmanovitz v. G. Heileman Brewing Co.*, 595 F. Supp. 1385, 1400 (D. Del. 1984), *aff'd* 769 F.2d 152 (3d Cir. 1985) ("It is a longstanding rule in the Third Circuit that a mere general allegation ... [or] averment of conspiracy or collusion without alleging the facts which

Beck alleges that all defendants conspired to violate his First and Eighth Amendment rights.  But Defendants are correct that the amended complaint is devoid of facts plausibly establishing a meeting of the minds or an understanding between Defendants to violate Beck's constitutional rights.

In addressing Defendants' Rule 12(b)(6) challenge, Beck first points to paragraphs 64 and 65 of the amended complaint,[33] but those paragraphs merely allege that Defendants "conspired to deprive [Beck] of his First and Eighth Amendment rights" and "took overt steps in furtherance of the conspiracy[.]"[34] Such allegations are legal conclusions that may be disregarded.[35]

Beck next contends that Defendants "repeatedly acted in concert to threaten and assault [Beck] for his filing of grievances," and from this joint action "it can be inferred that Defendants agreed to retaliate against" him.[36]  However, simply because multiple Defendants were allegedly involved in the use of excessive force or retaliation against Beck does not mean that there was a *conspiracy* to violate his

---

constituted such conspiracy or collusion is a conclusion of law and is insufficient [to state a claim]." (citing *Black & Yates, Inc. v. Mahogany Ass'n*, 129 F.2d 227, 231-32 (3d Cir. 1941)))); *Adams v. Corr. Emergency Response Team*, 857 F. App'x 57, 61 (3d Cir. 2021) (nonprecedential) (explaining that, to state a Section 1985 conspiracy claim, a plaintiff must sufficiently allege "facts and circumstances" that "support the elements of the conspiracy" and show agreement between defendants to deprive a plaintiff of a constitutional right); *Stankowski v. Farley*, 251 F. App'x 743, 748 (3d Cir. 2007) (nonprecedential) (finding that plaintiff's "conclusory allegation" that defendants "conspired" against him fails to state a claim for civil conspiracy).

[33]   *See* Doc. 39 at 7.
[34]   Doc. 28 ¶¶ 64-65.
[35]   *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 679).
[36]   Doc. 39 at 7.

civil rights.  Such a conclusion would turn every constitutional tort claim that involved multiple defendants into a de facto conspiracy claim.  Rather, because Beck's amended complaint lacks any plausible facts showing or even implying that Defendants had an agreement or reached an understanding to violate his constitutional rights, dismissal of the Section 1983 conspiracy claim is required.

### B.    Supervisory Liability Claim

In Count II, Beck asserts a supervisory liability claim against Superintendent Booher.  Beck's allegations, however, fall short of plausibly stating such a claim.

In Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[37]  Thus, supervisors cannot be held liable for the constitutional torts of their subordinates simply because of their supervisory position.[38]  However, "a supervisor may be personally liable . . . if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations."[39]  Allegations of direction or of actual knowledge and acquiescence, however, must be made with particularity.[40]

---

[37]  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).

[38]  *Iqbal*, 556 U.S. at 676.

[39]  *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (citation omitted).

[40]  *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020).

Supervisors may also be liable under Section 1983 for implementing a policy or procedure that causes constitutional harm.[41]  To state such a claim, the plaintiff must plausibly allege that a government official "with deliberate indifference to the consequences, established and maintained a policy, practice[,] or custom which directly caused [the] constitutional harm."[42]

Beck's amended complaint does not plausibly allege either theory of supervisory liability.  His allegations are vague and conclusory, failing to meet the pleading requirements of *Twombly* and *Iqbal*.  For example, Beck alleges that Booher "was deliberately indifferent to the needs of inmates being held at SCI Benner" and "to the wellbeing of inmates detained at SCI Benner."[43]  This is a mere legal conclusion that may be disregarded.

Beck also avers that "Booher was aware that the widespread custom of [corrections officers] using excessive force and retaliating against inmates posed a grave danger" to Beck.[44]  This general allegation lacks any plausible facts establishing how Booher was aware of the defendant-officers' alleged retaliation and use of excessive force or knew that Beck was in danger from the actions of those officers.  Thus, his claim of awareness and acquiescence is purely speculative rather than made with particularity.

---

[41]  *See A.M. ex rel. J.M.K.*, 372 F.3d at 586.
[42]  *Id.*
[43]  Doc. 28 ¶¶ 49, 51.
[44]  *Id.* ¶ 50.

In one paragraph of the amended complaint, Beck cites five prior Section 1983 cases in the Eastern District or Middle District of Pennsylvania that concerned various constitutional tort claims against SCI Benner officials.[45] He does not, however, tie these cases to his bald accusation that Booher was aware of the instant alleged constitutional violations and acquiesced in them. For example, Beck does not allege that any of the defendants in those cases are defendants in this case, nor does he allege facts showing that those prior lawsuits would have effectively put Booher on notice of the alleged conduct of the instant Defendants or of a systemic problem at SCI Benner.[46]

Beck then moves on to what appears to be a supervisory liability theory of implementation of an unconstitutional policy. He asserts that Booher "maintained a policy of inadequate procedures and protocols to ensure the safety of inmates at SCI Benner," and "implemented a policy or procedure of failing to train COs about the proper use of force, and then failing to discipline COs who used excessive force and unlawfully retaliated against inmates."[47] The problem, of course, is that these allegations are purely conclusory and lack any identifiable policy or custom promulgated by Booher, let alone one that violates the constitution. Beck does not

---

[45] *See id.* ¶ 42.

[46] In one case, *Williams v. Stickney*, No. 2:22-cv-00214 (E.D. Pa.), Beck asserts that the plaintiff alleged that Booher had told him "he would never be stepped down to general population because he filed too many lawsuits and grievances." Doc. 28 ¶ 42(a). Beck does not plausibly plead how this allegation demonstrates awareness and acquiescence to the excessive force and retaliation that is alleged in the instant amended complaint.

[47] Doc. 28 ¶¶ 44, 51, 53.

explain what policy or protocols Booher had in place that were "inadequate" or why they were inadequate (and what other policies or protocols should have been implemented), nor does he allege facts showing how corrections officers were improperly trained or disciplined.

Beck, in essence, alleges that Booher implemented unspecified policies with the express intent to violate the constitution. Such a grave accusation, however, requires plausible facts and—at the very least—an identifiable policy or custom, not just legal conclusions. Beck's supervisory liability claim against Booher, therefore, must be dismissed pursuant to Rule 12(b)(6).

### C. Previous Dismissal with Prejudice

Beck attempts to assert First Amendment retaliation claims against defendants Beckley, Michaels, Diehl, Gailey, Frisco, and Fleck.[48] However, Beck's retaliation claims against Frisco and Fleck were dismissed with prejudice on September 9, 2025, when Beck failed to file an amended complaint.[49] To the extent that Beck attempts to reassert claims previously dismissed with prejudice, they are subject to the law of the case doctrine.[50] That doctrine "limits re-litigation

---

[48] *See* Doc. 28 at p. 9 (Count III).

[49] *See* Doc. 22 ¶ 2 ("Plaintiff's First Amendment retaliation claims against defendants Emigh, McMan, Frisco, Sgt. Fleck, and Lt. Harlow are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.").

[50] *See ACLU v. Mukasey*, 534 F.3d 181, 187 (3d Cir. 2008) (holding that under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." (internal quotation marks omitted)).

of an issue once it has been decided in an earlier stage of the same litigation."[51] Thus, the retaliation claims against Frisco and Fleck must be dismissed, leaving only retaliation claims against Beckley, Michaels, Diehl, and Gailey.[52]

### D.   Joinder

Defendants argue that Beck's claims concern three "separate and distinct" incidents (December 16, 2024, December 17, 2024, and January 3, 2025), and that those claims are improperly joined in a single lawsuit.[53]   Defendants are incorrect.

As previously noted, Beck has plausibly alleged claims of Eighth Amendment excessive force against defendants Beckley, Michaels, Diehl, Gailey, Frisco, and Fleck.  He has likewise plausibly alleged that some of these Defendants (*i.e.*, Beckley, Michaels, Diehl, and Gailey) used excessive force in retaliation for filing grievances, in violation of the First Amendment.  Beck's Eighth Amendment claims against Beckley, Michaels, Diehl, Gailey, Frisco, and Fleck are properly joined in one lawsuit pursuant to Federal Rule of Civil Procedure 20(a)(2)(B), which allows joinder of defendants in a single action when "any question of law or fact common to all defendants will arise in the action."[54]  Because the common legal question of excessive force binds these Defendants together, permissive joinder is proper in this case, even if the excessive-force incidents allegedly

---

[51]   *Hamilton v. Leavy*, 322 F.3d 776, 786-87 (3d Cir. 2003) (citation omitted).
[52]   *See* Doc. 22 ¶ 4.
[53]   Doc. 37 at 2.
[54]   FED. R. CIV. P. 20(a)(2)(B).

12

occurred at different times.  Additionally, plaintiffs are encouraged to bring all claims they have against a defendant in a single lawsuit,[55] so the related First Amendment claims against Beckley, Michaels, Diehl, and Gailey are properly joined with the excessive-force claims pursuant to Rule 18(a).

### E.     Leave to Amend

Generally, "*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile."[56]  Further leave to amend will be denied because Beck has failed to cure numerous deficiencies with his pleadings even after "amendments previously allowed."[57]  Additionally, Beck—who is no longer acting *pro se*—has not requested further leave to amend.  This case, therefore, will proceed only as to the following claims: (1) individual capacity Eighth Amendment excessive force against Beckley, Michaels, Diehl, Gailey, Frisco, and Fleck; and (2) individual capacity First Amendment retaliation against Beckley, Michaels, Diehl, and Gailey.

---

[55]   *See* FED. R. CIV. P. 18(a).

[56]   *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

[57]   *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (concluding that, where inmate plaintiff "has already had two chances to tell his story," providing "further leave to amend would be futile").

13

## IV.   CONCLUSION

Based on the foregoing, the Court will grant defendant Booher's motion to dismiss (Doc. 43) and will grant in part and deny in part the motion to dismiss (Doc. 34) by defendants Beckley, Michaels, Diehl, Gailey, Frisco, and Fleck.  An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge